IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM E. BISHOP,

Plaintiff,

v.

JP MORGAN CHASE & CO., et al.,

Defendants.

Civil Action No. 13-1-RGA

# MEMORANDUM

The Plaintiff has filed objections (D.I. 24) to a Report & Recommendation of the United States Magistrate Judge. (D.I. 23). The Plaintiff has responded. (D.I. 26). The matter is now before this Court.

The Magistrate Judge had authority to make the decision pursuant to 28 U.S.C. § 636(b)(1)(B). Objections having been filed, this Court must review *de novo* the objected to determinations of the Magistrate Judge.

The Complaint alleges that the two defendants, JPMorgan Chase & Co. and JPMorgan Chase Bank, National Association,[1] violated various sections of the Truth-in-Lending Act. The Complaint is *pro se*, consists of 42 pages, and contains fifteen counts. The counts generally cite subsections of 15 U.S.C. § 1641 (D.I. 1 at 1-4), and are followed by 25 pages of allegations, some of which are factual. (D.I. 1 at 9-33). The Complaint attaches a one-page document, a

[1] I will sometimes refer to the defendants (including the third "John Doe" defendant) as the bank.

Corporate Assignment of a Mortgage filed in the New Castle County Recorder of Deeds on February 7, 2012. (D.I. 1 at 36). The document is an assignment of a mortgage dated April 1, 2008, on the Plaintiff's property in Delaware City, and reflects its assignment from Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Freedom Mortgage Corp. to the second defendant, JPMorgan Chase Bank, National Association. It has the notarized signature of Lashea Parkham, Assistant Secretary of MERS, dated January 10, 2012.

The defendants filed a motion to dismiss or to stay pending the resolution of the state court action and to dismiss an improperly named defendant under Rule 12(b)(6), or, in the alternative, for a more definite statement. (D.I. 7). It was accompanied by an affidavit of outside counsel attaching various documents including two court filings (*i.e.,* matters of public record) and various documents from the second Defendant's loan and servicing files relating to Plaintiff's property and mortgage. (D.I. 8-1).

The Magistrate Judge duly issued a thorough Report and Recommendation. (D.I. 23). Plaintiff filed ten pages of objections, *i.e.*, the maximum allowed.[2]

Broadly speaking, Plaintiff makes two kinds of objections. The first set is to irrelevant matters and/or matters with no basis in the record. These objections are exemplified by Plaintiff's Conclusion (D.I. 24, at 10 ¶¶ 18-19), which generally is scurrilous. The second set

---

[2] The Plaintiff states that he has written seven more pages and seeks to be allowed to file them too. (D.I. 24 at 10). The Plaintiff is *pro se*. The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro* se plaintiff. *See Phillips v. County of Allegheny,* 515 F.3d 224, 229 (3d Cir. 2008). That does not mean, however, that page limit rules should not be enforced. In the ten pages filed, among other things, Plaintiff wastes space with *ad hominem* attacks on the Magistrate Judge. In the exercise of discretion, I am not going to consider any further arguments from Plaintiff. Plaintiff may, however, file the seven pages so that any reviewing court will have the arguments he wanted to make.

are essentially that the Magistrate Judge went outside the permissible record in deciding a motion to dismiss for failure to state a claim, in other words, that the Magistrate Judge relied upon "improper exhibits." (D.I. 24 at 8). The Plaintiff is, in my opinion, on firmer ground in making his second set of objections.

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). One exhibit is attached to the complaint – the Corporate Assignment, and the defendant's motion to dismiss includes documents from the mortgage foreclosure suit in New Castle County Superior Court relating to the property at issue, which are matters of public record. That those matters can be considered is not subject to doubt.[3] For other documents, in this case those that are purportedly from the Plaintiff's loan-related files with the bank, they "form[] the basis of a claim if the document[s are] 'integral to or explicitly relied upon in the complaint.'" *Id.* There are two such documents in the complaint, referred to as the Plaintiff's letters of August 16, 2012, and September 12, 2012. (D.I. 1 at ¶¶ 23, 32). They are provided by affidavit. (D.I. 8-2 at 84-95). Those letters may be considered. Plaintiff's complaint concedes that he got a response dated August 23, 2012 (albeit unsatisfactory) (D.I. 8-2 at 97-98) to the first letter (D.I. 1 at ¶23; D.I. 8-2 at 90), and some sort of unsatisfactory response to the second letter. (D.I. 1 at ¶23). Thus, Plaintiff is not relying upon any subsequent correspondence from the bank. Therefore,

[3] There are limits even there, however. For example, "[w]hile a prior judicial opinion constitutes a public record of which a court may take judicial notice, it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion." *Lum*, 361 F.3d at 221 n.3.

some of the documents provided by the bank (D.I. 8-2 at 99-107) cannot be relied upon in deciding the motion to dismiss. The bank's citation to *Soto v. Bank of Lancaster County*, 2011 WL 1050213, *6 (E.D. Pa. Mar. 23, 2011), is not helpful, since counsel's affidavit that she got the loan file from her client and printed out some letters from it does not, especially over Plaintiff's objection, make them "undisputedly authentic document[s]."

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal,* 556 U.S. at 678. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler,* 578 F.3d at 211. In other words, the Complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal,* 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly,* 550 U.S. at 570). Because

Plaintiff proceeds *pro se,* his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

With these principles in mind, the Court reviews the Plaintiff's objections to the analysis in the Magistrate Judge's Report and Recommendation. (D.I. 24 at 7-9).[4]

Plaintiff objects to the Magistrate Judge's assertion that his allegations are conclusory. (D.I. 24 at ¶ 11). It is fair to say that at some points his allegations are quite specific, such as when he states the dates of the letters he wrote to the bank. On the allegations that he is a victim of fraud, he is a lot less specific. He asserts that there was a fraudulent assignment of the mortgage to Citimortgage, Inc., but provides no factual content that would suggest that the allegation is plausible.

Plaintiff objects to the Magistrate Judge's conclusion that as a matter of law the corporate assignment at issue only required one witness. (D.I. 24 at ¶ 12). That was the law during the disputed time period. 25 Del. C. § 2109(b).

Plaintiff objects to the Magistrate Judge's conclusion that the disclosure statement (that is, the Corporate Assignment) is not incomplete or inaccurate on its face. (D.I. 24, at ¶13). There is no need to rely on any documentary evidence other than the Corporate Assignment provided with the complaint. The Corporate Assignment appears as it should appear. The Plaintiff's allegation is not that it is inaccurate on its face, but that it is inaccurate because, while appearing to be what it should be, it is not. Therefore, counts 1 to 3 will be dismissed, as

[4] The first six pages of Plaintiff's Objections are mostly spent attacking the Magistrate Judge or making objections to matters that do not affect the legal analysis in the Report and Recommendation.

Plaintiff does not allege a violation of § 1641(a).

Plaintiff objects to the Magistrate Judge's conclusion that his § 1641(d)(1) claim should be dismissed. (D.I. 24 at ¶ 14). The Magistrate Judge offered two grounds for this. One, that he did not allege his interest rate exceeded 8%. Two, that his interest rate (APR) was 6.256%.[5] Plaintiff objects to the second part of this since it relies upon documents submitted with the motion to dismiss's affidavit. I do not have to decide this, because it is clear that the first ground is a sufficient basis on which to dismiss Count 4, and it will thus be dismissed.

Plaintiff objects to the Magistrate Judge's conclusion that he has not alleged any facts in support of this § 1641(e) claims. (D.I. 24 at ¶15). It is not enough to allege that a disclosure statement is fraudulent. Section 1641(e) makes clear that unless there are contradictory documents, or a disclosure is incomplete or internally contradictory, there can be no § 1641(e) violation. Therefore, counts 5 through 8 will be dismissed.

Plaintiff's last objection is that the Magistrate Judge followed Third Circuit law and the Third Circuit is wrong. (D.I. 24 at ¶ 16). The objection is no basis to overrule the Magistrate Judge. As courts in a hierarchical system where the first rule is that we have to follow the law as set forth by the Court of Appeals, both the Magistrate Judge and I have to follow Third Circuit precedent. Thus, in order to plead a claim, there has to be an assertion of detrimental reliance. *See Vallies v. Sky Bank*, 591 F.3d 152 (3d Cir. 2009). There is no such allegation here, and, indeed, in the context of an assignment, it seems very unlikely such a claim could be pled. Thus,

---

[5] At D.I. 8-2 at 38, there is a worksheet describing the interest rate as 6%. I do not see in the foreclosure action a place where the interest rate is described as 6.256%. Neither the Defendants nor the Magistrate Judge were very specific as to which exact page has this figure, and, after a reasonable amount of effort looking, I do not see it. I would think it was in the Note, but the Note is not part of the record.

Counts 9-14, based on § 1641(g), will be dismissed.

The Court has also reviewed the only recommendation to which there was no objection (presumably because of the page limits). The Plaintiff alleges he made requests for information on August 16, 2012, and September 12, 2012, which the bank does not dispute. The bank has provided its response to both. The Plaintiff's second letter acknowledges the bank's response to Plaintiff's first letter. Thus, as stated earlier, the bank's letter of August 23, 2012, may be considered.[6] The bank's later letters, however, cannot be considered on a motion to dismiss. That does not mean, however, that the Plaintiff's § 1641(f) claim is sufficient. Plaintiff's complaint does not state what is wrong with the bank's responses. Therefore, Count 15 will also be dismissed.

After review of the parties' submissions, the Report & Recommendation, and the Complaint, the Court concludes that the motion to dismiss should be granted. The Plaintiff, since he is *pro se*, will be granted leave to amend. An appropriate order will issue.

August 5, 2013
Date

United States District Judge

---

[6] The bank's letter appears to provide the information set forth in § 1641(f). (D.I. 8-2 at 97-98).