IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM EDWARD BISHOP, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 13-001-RGA |
| | : |
| JP MORGAN CHASE & CO., et al., | : |
| | : |
| Defendants. | : |

William Edward Bishop, Bear, Delaware.  Pro Se Plaintiff.

Gary William Lipkin, Esquire, Duane Morris LP, Wilmington, Delaware.  Counsel for Defendants JP Morgan Chase & Co. and JP Morgan Chase Bank National Association.

**MEMORANDUM OPINION**

April 7, 2014
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Plaintiff William Edward Bishop filed this action against Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, National Association, and John Doe for violating the Truth-in-Lending Act, 15 U.S.C. § 1601, *et seq.*[1] (D.I. 1). Chase & Co. and JPMorgan Bank move to strike allegations pled in the amended complaint, to dismiss the amended complaint with prejudice or, alternatively, to stay the action pending the resolution of a related state court action. (D.I. 36, 37). Plaintiff opposes that portion of Defendants' motion that seeks to strike allegations. (D.I. 39). His response does not address the other grounds raised in Defendants' motion to dismiss.

## BACKGROUND

The present action arises from a pending foreclosure action filed by JPMorgan Bank in the Superior Court of the State Delaware on November 20, 2012. (*See* D.I. 38, ex. A). The underlying facts are well-known to the parties and are fully set forth in the June 21, 2013 Report and Recommendation issued by United States Magistrate Judge Mary Pat Thynge. (*See* D.I. 23). The amended complaint contains fifteen counts of alleged TILA violations relating to the assignment of Plaintiff's mortgage to JPMorgan Bank. For relief, Plaintiff seeks the amount of the claimed mortgage plus court costs and expenses. (D.I. 36, ¶ 77). On the same day Plaintiff initiated this action, he filed a motion to dismiss the foreclosure action arguing the same or similar TILA issues presented in the federal complaint. (*See* D.I. 37, ex. B).

Defendants filed a motion to dismiss the original complaint in the instant case on February 22, 2013, granted by the court on August 5, 2013. (D.I. 27). Plaintiff was

---

[1] For clarity the Court will refer to JPMorgan Chase & Co. as Chase & Co. and JPMorgan Chase Bank, National Association as JPMorgan Bank.

given leave to amend. Plaintiff appealed the ruling, and the appeal was dismissed for lack of appellate jurisdiction. On January 24, 2014, Plaintiff filed an amended complaint. (D.I. 36).

The amended complaint contains some new language but, for the most part, is identical to the dismissed original complaint. The amended complaint adds statements regarding Plaintiff's education and employment, that the mortgagee did not comply with the thirty-day notice for assignments, that the FHA (i.e., Federal Housing Administration) purchased the mortgage on an unknown date, that "Defendants' attorneys failed to act by February 10, 2012," and it mentions court ordered mediation. (See D.I. 36). Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and the *Younger* abstention doctrine, see *Younger v. Harris*, 401 U.S. 37 (1971), and moves to strike pursuant to Rule 12(f). Plaintiff opposes the motion to strike, and argues that Defendants improperly included exhibits in an attempt to argue the facts of the case. (D.I. 39).

## STANDARDS OF REVIEW

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Natale v. Winthrop Res. Corp.*, 2008 WL 2758238, at *14 (E.D. Pa. 2008) (internal quotation marks omitted). Immateriality has ben defined as "any matter having no value in developing the issues of a case." *In re Catanella & E.F. Hutton and Co. Sec. Litig.*, 583 F. Supp. 1388, 1400

(E.D. Pa. 1984) (citation omitted). Relief under Rule 12(f) is generally disfavored and will be denied unless the allegations "have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Id.* (internal quotation marks omitted).

## DISCUSSION

### *Younger* Abstention

The Court turns first to Defendants' motion to dismiss based upon the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff filed this action for violations of the TILA. He seeks compensatory damages in the form of the "amount of the claimed mortgage." Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[2] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted,

---

[2] The *Younger* abstention doctrine provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

4

unless the matter falls within one of the *Younger* exceptions.[3] *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

Defendants argue that the *Younger* requisites have been met and, therefore, dismissal is appropriate. In the pending foreclosure action, Plaintiff raised the same or similar TILA issues in his motion to dismiss the foreclosure action as in the instant action. Here, Plaintiff does not seek injunctive relief, only monetary damages. Under *Younger*, district courts have the power to dismiss claims for injunctive or declaratory relief because courts control the granting of discretionary relief as courts sitting in equity. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719-20 (1996). If the *Younger* abstention applies to actions for damages, it requires a temporary stay; it is impermissible to dismiss actions for damages that were not cognizable in ongoing state proceedings. *See id.* Indeed, "the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988).

Based upon the foregoing, the Court will deny the motion to dismiss based upon the *Younger* abstention doctrine.[4]

### Motion to Strike References to Settlement

---

[3]Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

[4]The Court does not address the issue of staying the matter, given that Defendants' motion to dismiss will be granted on other grounds. *See* pp. 8-11, *infra*.

Defendants argue that paragraphs 31, 32, 42, 45, 50, 59, and 72 of the amended complaint refer to statements made by their employee Dan Calhoun during settlement negotiations. Therefore, Defendants move to strike the allegations pursuant to Rule 12(f) and Fed. R. Evid. 408. Defendants rely upon emails (D.I. 38, ex. I) to support their motion. Plaintiff argues that Defendants improperly attached exhibits in an attempt to argue facts.

A motion to strike is decided "on the basis of the pleadings alone." *DeLa Cruz v. Piccardi Press*, 521 F. Supp. 2d 424, 429 (E.D. Pa. 2007). Matters outside the pleadings normally are not considered on a Rule 12(f) motion. *See United States v. Sensient Colors, Inc.*, 580 F. Supp. 2d 369, 374 (D.N.J. 2008). Thus, the Court will determine the present motion to strike on the basis of the pleadings alone.

Rule 408 prohibits the admission of "evidence concerning settlement or compromise of a disputed claim, where the evidence is offered to establish liability, or the validity or amount of the claim." *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 527 (3d Cir. 1995); *see* Fed. R. Evid. 408. The purpose behind Rule 408 is the "promotion of the public policy favoring the compromise and settlement of disputes that would otherwise be discouraged with the admission of such evidence." *Steak Umm Co., LLC v. Steak 'Em Up, Inc.*, 2009 WL 3540786, at *3 (E.D. Pa. 2009) (quoting *Manko v. United States*, 87 F.3d 50, 54 (2d Cir. 1996)). Litigation need not be threatened to trigger application of Rule 408. *Id.* (stating that "dispute" as employed in Rule 408 includes "both litigation and less formal stages of a dispute"). Rather, the party seeking protection of the rule must show that there is an actual dispute or difference of opinion between the parties regarding the validity or amount of the claim.

*See Onal v. PB Amoco Corp.*, 134 F. App'x 515, 518 (3d Cir. 2005).

Rule 408 is a rule of evidence that does not generally govern pleadings. *See Steak Umm Co.*, 2009 WL 3540786, at *3 (denying motion to strike complaint and declining to decide whether allegations referencing settlement could be held inadmissible at trial or summary judgment). However, some courts have applied Rule 408 to strike allegations in pleadings that clearly disclose the substance of settlement negotiations. *See, e.g., Ciolli v. Iravani*, 625 F. Supp. 2d 276, 285-86 (E.D. Pa. 2009) (striking references to settlement discussions in complaint where plaintiff consistently characterized such discussions as settlement negotiations).

In their motion, Defendants contend the amended complaint discloses the substance of settlement communications that allegedly occurred during the State foreclosure action, noting that Defendants attempted to work with Plaintiff in obtaining a loan modification. Newly added paragraph 72 of the amended complaint contains two references to court ordered mediation that took place on January 15, 2014. (*See* D.I. 38, ¶ 72). One sentence indicates that Plaintiff attended the mediation but no employee or specially designated lender representative appeared. The other sentence refers to an attorney who attended the mediation and stated that he was unsure if the note was owned by the FHA. The remainder of the paragraph discusses a potential loan modification but does not indicate its relation to settlement negotiations.

In addition, Defendants contend that paragraphs 31, 32, 42, 45, 50, 59, and 72 of the amended complaint refer to statements made by its employee Dan Calhoun during settlement negotiations. While the foregoing paragraphs refer to statements

7

made by Calhoun, they make no mention that the information was obtained during settlement negotiations.

At this juncture, based upon the existing record, the Court is unable to determine whether the statements complained of by Defendants constitute settlement negotiations that trigger application of Rule 408. Therefore, the Court will deny Defendants' motion to strike, without prejudice to Defendants' rights to later seek to exclude this evidence by filing a motion in limine prior to trial. *See, e.g., Bailey-P. V.S. Oxides, LLC v. S & K Packaging, Inc.*, 2009 WL 4256605, at *2 (W.D. Pa. 2009)

### Failure to Cure Pleading Defects

<u>Counts One through Three, 15 U.S.C. § 1641(a)</u>. Under § 1641(a), the TILA imposes assignee liability only if a violation is "apparent on the face of the disclosure statement." *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194, 197 (3d Cir. 2000). In the instant case, counts one through three of the original complaint were dismissed with leave to amend. In dismissing the counts, the Court noted that notwithstanding mere legal conclusions, counts one through three failed to proffer any facts to plead a claim under § 1641(a) for inaccurateness or incompleteness on the face of the disclosure. The amended complaint did not cure the pleading deficiencies in counts one through three. Therefore, the Court will grant Defendants' motion to dismiss counts one through three.

<u>Count Four, § 1641(d)(1)</u>. Section 1641(d)(1) only applies to loans that qualify under the Home Ownership Equity Protection Act. The Court dismissed count four of the original complaint as it failed to plead adequate facts to trigger HOEPA. The

8

amended complaint did not cure the pleading deficiencies in count four. Therefore, the Court will grant Defendants' motion to dismiss count four.

Counts Five through Eight, § 1641(e). Section 1641(e) provides that an action for damages against the assignee of a loan secured by real property can be maintained only if the alleged violations are "apparent on the face" of the TILA disclosure. The Court dismissed counts five through eight of the original complaint for failing to include a factual basis to state a claim for an incomplete or inaccurate disclosure statement based on fraud. The amended complaint did not cure the pleading deficiencies in counts five through eight. Therefore, the Court will grant Defendants' motion to dismiss counts five through eight.

Counts Nine through Fourteen, ¶ 1641(g). Section 1641(g) provides that a new assignee of a loan must notify the borrower within thirty days of the transfer. Actual damages are required for a claim under this section. *See Vallies v. Sky Bank*, 591 F.3d 152, 157 (3d Cir. 2009). To prove actual damages, a plaintiff must demonstrate he suffered a loss because he detrimentally relied on an inaccurate or incomplete disclosure. *Id.* at 157-58. To recover actual damages, a borrower must show that he: (1) read the TILA disclosure statement; (2) understood the disclosed charges; (3) would have sought a lower price if the disclosure statement had been accurate; and (4) would have obtained a lower price. *Id.* at 155.

The court dismissed counts nine through fourteen in the original complaint after concluding that the costs as alleged (*see* D.I. 1, ¶ 51 a. through e.) are not the type related to a violation under ¶ 1641(g). In addition, counts nine through fourteen were

dismissed on the basis that the original complaint failed to alleged detrimental reliance and a factual basis demonstrating the disclosure was inaccurate or incomplete under § 1641(g).

The amended complaint adds, repeatedly, that Defendants failed to provide the thirty-day notification. It contains additional damages for the cost of an appeal to the United States Court of Appeals, interest accumulating at a substantially higher rate than current modified rates, and emotional torment. (D.I. 36, ¶ 51 f. through h.). The added damages, however, do not suffice as "actual damages" under the TILA. *See Bradford v. HSBC Mort. Corp.*, 280 F.R.D. 257, 262 (E.D. Va. 2012) (fees incurred in pursuing a claim are not actual damages); *see also Che v. Aurora Loan Services, LLC*, 847 F. Supp. 2d 1205, 1209 (C.D. Cal. 2010) (rejecting plaintiff's speculative argument that foreclosure constituted "actual damages" to establish liability under Section 1641(g)). Further, the amended complaint did not cure the pleading deficiencies in counts nine through fourteen, Plaintiff having failed to allege his damages were the result of detrimental reliance. Therefore, the Court will grant Defendants' motion to dismiss counts nine through fourteen.

Count Fifteen, ¶ 1641(f). Section 1641(f) provides that "[u]pon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." 15 U.S.C. § 1641(f). Count 15 of the original complaint was dismissed on the grounds that it contained no viable claim under § 1641(f).

As discussed, the amended complaint contains few changes. The amendments failed to cure the pleading deficiencies in count fifteen. For example, count fifteen does not provide factual allegations to support a claim under § 1641(f), even considering the allegations that a transfer to the FHA was concealed by Defendants. The unsupported allegations and legal conclusions cannot survive Defendants' motion to dismiss. Therefore, the Court will grant Defendants' motion to dismiss count fifteen.

## CONCLUSION

The Court will grant Defendants' motion to dismiss on the grounds that the amended complaint fails to state a claim upon which relief may be granted.[5] The Court will deny Defendants' motion to dismiss on the remaining grounds, and will deny the motion to strike. Plaintiff was provided an opportunity to amend to cure his pleading defects, yet he failed to do so. Because Plaintiff failed in his attempt to remedy the defects in his complaint, despite notice and his familiarity with the pleading requirements, granting him a second opportunity to amend his complaint would be futile. *Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. 2012) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) and *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An appropriate order will be entered.

---

[5] Since the amended complaint makes no allegations against the John Doe defendant, *see* D.I. 36 at 9, ¶ 20, it will be dismissed in relation to John Doe also.